Our second case on the call of the dock today is agenda number two case number one one two three six two people versus Murdoch Council for the appellant, please proceed Good morning, your honors. My name is Fletcher Hamel. May I please the court? At issue today in this case is whether or not the Police can obtain a voluntary confession from a juvenile suspect without taking any account any steps to accommodate the fact that the suspect is in fact a juvenile and Our contention today is that they cannot Easiest way to describe what detective machinsky did in this case is that he treated the Defendant exactly as he would have treated a 25 year old with a long criminal record He of this defendant was not a 25 year old a long criminal record. This is a 16 year old boy Who had a one semester of high school with poor and failing grades? who had a single contact prior contact with the police for a curfew violation about a week before this interrogation and Nevertheless detective machines featured him exactly as you would an adult. He had him arrested in the afternoon at 245 in the afternoon. He hadn't sit in a room an interrogation room alone for four hours to contemplate his predicament he During that four-hour period detective machines. He encountered the defendants grandfather at the police station Didn't firm form the grandfather the defendant was there but never allowed Allowed the grandfather to go in and see the defendant or be present while the defendant was was eventually interrogated Finally when he did Enter the room four hours after the defendant have been put in there he interrogated the defendant for three more hours and during that time obtained a Oral statement and a written statement and then finally at the end of that Seven hours total the defense he finally turns on the video camera and took a video statement from the defendant I also Clear up for me the officer was a trained juvenile officer. Is that correct or not? He identified himself as a trained juvenile detective and actually and Exactly what that means We don't know He and it's it's telling I think that in this case They're actually this this officer actually testified five times in this case because there were three trials a post-conviction Hearing and then this hearing that the suppression hearing all all of his testimony was concerning his taking of these statements Yet it was only this fifth time that he ever even mentioned his status as a trained juvenile detective and We don't know what that means. What what we do know is that is that there is Well, the statute actually doesn't really define what a trained juvenile officer is supposed to be or what they're supposed to do And there's actually right now a split in authority in the appellate court about that But even when you look at that split in authority and you look at the the appellate court decisions that say that the a Train or the juvenile officer needs to do very little to help a defendant in in the in interrogation Even those cases would not allow for the trained juvenile officer to be the lead interrogator Which is what detective machines he was in this case So for all intents and purposes in this case, there was no trained juvenile officer Well, there was a trained juvenile officer there, but there was no nobody acting as a juvenile officer during this interrogation So is it your position that a juvenile officer? Should or can that cannot take a statement from it from a youth? Well, it's my position that if the person who's taking the statement is not cannot be the juvenile officer He I know he juvenile if there was another juvenile officer. They're acting as a juvenile officer Then and whatever that means and I don't think this this case is really necessarily has to be the case to where this court decides that But there that's that's would be the juvenile officer. How does one act as a juvenile officer? Well, that's that's really not clear. He could you know, there's two two lines of cases. The statute just doesn't say anything There's two lines of cases one line set and really Want a really good discussion of this and I'm not don't necessarily endorse the conclusion but the Second District's decision of Marvin M which is I in my brief has a very thorough discussion of of what of the various theories on what a juvenile officer supposed to be but essentially what it is is you have one line of cases to say he should Be acting as some kind of advocate for the or the juvenile and another line of cases to say they should be some sort more of a neutral character Just there to observe and to make sure that the juveniles rights basic rights are just are respected but both lines of cases Have him has as somebody other than the interrogator and somebody who's there at a minimum as a neutral party to make sure that that the juveniles rights are respected and not as the person who's actually actively trying to to extract a Statement out of the out of the suspect. This was machinsky that we're talking about. He was juvenile officer, correct? Didn't both trial judges Note that he was wearing two hats That's correct that and I if I'm not mistaken I don't remember if that but phrase actually came from machinsky himself or if it came from Counsel on cross-examination, but yeah to wearing two hats What and I know I do know that the judge also used that that phrase And and I think that goes to the problem with having him being the juvenile officer is that it's It's essentially it's a conflict It's it's not you're not a neutral party when you're there being the person who's trying to get the statement out of the juvenile and And what all the appellate courts agree on? in in Determining the duties of the officer. Well, the one thing they do all agree on is he shouldn't he should be at least neutral the one who testified regarding the Was either one that the defendant testified made a promise that he would be released Command that's correct. He would be the one that the defendant judge making a findings of facts regarding this promise. I Believe that the judge did find the defendant's testimony to be not credible on that Whether or not The testimony of course being that he explicitly made that promise Whether or not detective Mishinsky said something to him that he interpreted as that is You know is Up in the air and that could that could have been and on all likelihood. That's probably is what happened He probably did say something that that he that was misinterpreted He did he did yes To He did not tell them that the grandfather was there He he told the grandfather that the defendant was there He did not tell the grandfather that the grandfather could see him the grandfather apparently He testified that the grandfather never asked him to see The defendant and so he felt that he didn't need to do it And and he didn't tell that did not tell the defendant that the grandfather was there Did the grandfather take any affirmative action? Other than just being there What is your record show? The record doesn't does not show anything other than him being there and apparently having a conversation with Mishinsky about this case Miss other than the fact that he he apparently did not explicitly asked to be in the room we don't know what the conversation was about I Believe and I think that on that topic the the the appellate court has has issued several decisions involving this that particular question and the rule that's emerged is that When you look in particular in Knox and in Marvin M. Which are discussed in my brief what you see is a rule that showing up being there really is is the most important thing that a concerned adult could do and If you look at Knox the the concerned adult in that case show was there did not explicitly ask To see the minor, but was the court still found the confession to be involuntary Marvin M. The opposite happened where the where the the Parent said to the police officers at their house. I want to be there and then didn't show up and I think that the then the appellate court found that that they did not thwart her that parents attempt and I think there's a good reason for this this distinction to draw the distinct line there and to say that showing up is Is enough and saying I'm going to be there is not because It's a lot easier for the parent to say I want to be there and it would be a lot easier for a parent to simply basically thwart the detective's attempt to to Interrogate a juvenile simply by saying I want to be there and then not showing up And you can see that in Geo This court in this court's case. Although this court didn't have occasion to actually Get into this question, but in Geo you could see How the the minors parent The testimony differ but you can see from the police officer's way that she she gave a lot of pretty vague statements I want to be there, but I don't know if I can get a ride And she ends up showing up six hours later That's why showing up is more important than saying I want to be there because it's a lot easier for the police to determine It's a lot easier It's You know in its and really if they show up why else would he would he have shown up or then he wants to be there? for for his grandson Also, ultimately we're the question that we're being asked is to Review the voluntariness of the confession So my question to you is this Your argument does it stem from a violation of the juvenile code statute the idea of concerned adults? or is it based and federal constitutional principles of due process or Illinois constitutional due process principles, I think it's based Simply is based on G this course decisions in Geo and work and this course decisions in Geo and Morgan don't do not specify Their constitutional they don't specify Which constitution I believe if you look at anything, you know, the state might help this clarify this by bringing up Moran versus Burbine and Geo and Morgan don't really work under the federal constitution as it turns out So they're apparently Illinois constitutional cases So I would say them that my argument is stems from the Illinois Constitution through these two cases Geo and Morgan The And Sorry Ruling The but this case procedures is if it were a direct appeal. It is not a direct It was abandoned and then came back to the appellate court Under strictly the defendant must show that counsel rendered constitutional incompetent representation That there is a reasonable probability that but for counsel's error The result of the receipt of the proceeding would have been different The analysis in this case does not follow this Sure with this is right, I is it's a strain is is a strange procedural history, but what essentially has happened is that the The judge initially denied the post-conviction petition alleging ineffective assistance at counsel the appellate court Reversed that finding so so essentially granting the post-conviction petition finding ineffective assistance at counsel And then as a remedy Remanded the cause for the trial court to to allow the filing of the motion to suppress The this was I believe the case this course case and I believe it's corkery Or quickly and I apologize for not knowing the exact the exact name It's actually a supervisory order that this court issued Requiring this process in a case where the appellate court had where the appellate court had Had actually reversed for a new trial finding ineffective assistance for failing to fought to the file motions to suppress so What we what we have here is basically the appellate court retaining jurisdiction in a post-conviction appeal to review In the first instance a Ruling denying a motion to suppress To suppress evidence and the reason we have it this way is because that's the only way the appellate court could have jurisdiction to review that order Wasn't there something in the testimony or the trial judge himself on the motion to suppress Noted concerns regarding his decision and also that the trial judge on the defendants motion to suppress found that the council's conduct was deficient correct Yeah, right. The trial judge actually found counsel's counsel's Performance to be deficient. This is back in I believe 2000 or 2008 He may okay he may have made comments about that Uh, he actually made the finding during the post-conviction hearing back before this appeal or before this round in this appeal He but he also found that it was harmless and and then denied the post-conviction petition The appellate court reversed that finding I believe he probably did make some comments When denying the motion suppress I believe what he did he said he had concerns at first But now he but they had been alleviated by the testimony at the motion to suppress so But that I believe that that's the these procedural history of this case I mean, I I think that would it was done. I believe it was done properly under under the Supervisory order You believe it was it was done properly on at least it was done as it had been order in a previous case by this court and hopefully so That back to the motion. Is it your position that the failure to allow that a juvenile to confer with a parent or in this? Situation a grandparent renders a confession automatically involuntary. Is that your position? It is not is that's not my position. My position is My position is essentially they have to do something It and the easiest thing would appear would have been to bring in a grandparent You have to do something to accommodate the fact that it's a juvenile It it could have been It could have been a real juvenile officer It could have been a videotape Which you know now it is required and would have happened would have happened at least if this had happened in the last five years This whole thing would have been on tape and you could have seen but there has to be something there to account for the fact that it's a juvenile and in this case You know detective missions. He did nothing And when ultimately it's it's a this is a totality of the circumstances analysis under geo and Morgan It's just this is kind of setting the floor for that for that analysis where they're just you know as long as they do something that maybe if they where is the When you're looking at whether a confession is voluntary or not you look at the circumstances of that confession What authority is there to say that that includes doing something? Not just looking at what happened in this Individual instance to determine whether or not all the facts are considered in fact even the Apparent example that I gave earlier. I mean geo talked about it that that is one circumstance You would take into account right as far as determining where it's voluntary. We're where's the authority for this Affirmative act that has to take place. I Believe that's in geo. I believe that's in and And Kind of really throughout just going all the way back to say in Ray Galt in the United States Supreme Court. Where is there's a general acceptance by a course and now growing I think acceptance by course that juveniles are simply different from adults and And I would you know refer even just last year's cases in the United States Supreme Court MBD versus, North Carolina There's just this general Idea that juveniles are different from adults that that when when you when you interrogate an adult like like a like the interrogation went in this case, it may be Constitutionally acceptable, but it's not benign. It is something that is these are tactics that are meant to that are meant to extract the confession out of somebody who's not really willing to get it give it and The idea here is is And we've that so we start with a situation in which Unless we find this affirmative act The confession starts out as involuntary unless we can unless there's something to show along the way In addition to just the circumstances involved that the confessions voluntary is deemed involuntary Yeah, I believe so I've been but I would I would also point out that that one act could be what is now required by statute and that's videotaping the the interrogation if you have a videotaping interrogation and you can see you didn't do anything and that that would be unduly coercive to a Juvenile and you can see that the juveniles basic rights are are Respected that could be that act that that would be enough Wasn't there a videotape in this case there was one taking taken at the very end of the of the Of the interrogation at the after the interrogation really um there was a video statement made At 10 o'clock at night. He had been in the room since 245 so there was that but What is you know now required by statute is? The whole thing is supposed to be on tape. Yeah, and that wasn't the case that in 2001. That's why he didn't do it but But if you had that that would be enough Well, you said something interesting in response to the question you said that would be enough I mean, so is the determination then is any act enough Does it can can the argument be made yeah? There's an act in this case short of videotaping so therefore it's not enough I mean, how do we quantify? What's enough? And then if the answer to that question is you looked in the fact that facts and circumstances of the individual case Why aren't we right back to square one? Where we look at the facts and circumstances of the end of individual case to determine volunteer Well, I do think it's a little more objective than that Just because you can you can you can actually point to three specific things you can point to the concerned adult you can point to To the the juvenile officer or you can point to the videotape Those are really three through the three specific things that you could that are you know that are actually you know We're in the in the juvenile court act that are considered important factors by it by this court and And you could you could start there, so it wouldn't be just the talent areas There you know tell the other circumstance it wouldn't just be any any old act is be one of those three So I think that would be that would be what you would do so I see I'm out of time So yes, of course it. Thank you Counsel for the ampullae I May have pleased the court. I'm assistant attorney general Matthew Becker on behalf of the people of the state of Illinois Your honors mr.. Becker could I start you off with just one basic question. I get what what kind of What kind of cases is this is this an effective assistance of counsel or voluntary confession case What does it make a difference at this stage your honor? It's a voluntariness of the confession Case that's how we've been proceeding and to the extent that there might have been any challenge to the way That this proceeded vis-a-vis the Strickland claim That appears to have been waived in the appellate court in the PLA in the briefing and now again at oral argument So unless there's something so Systemically untoward about that way of proceeding of which I'm unaware Then this is the posture we have and the parties have essentially consented to that Thank you your honor My opponent's argument boils down to the notion that the police not only must collect only Voluntary confessions, but that they must also do something affirmative to express regard For the minors status as a juvenile this court has never required that and that Kind of requirement would cut against the notion in this court's case in geo and the u.s. Supreme Court's decision in fair that the totality of the circumstances inquiry is adequate to protect the interests of minors and determine what voluntariness looks like and I note that as early as 1970 and again in 1972 in the Zepeda and step tour cases This court held that there is no suppression remedy for violations of at least a predecessor Version of the Juvenile Court Act that included a parental notice provision and a juvenile officer provision And there was no videotaping statute at the time of this confession But somehow my opponent is suggesting that one of those three things Needed to be done and his notion that we need to rely on Videotaped confessions rather than testimony about them What can we rely on I mean what rationale supports the rule that we can't consider events outside the interrogation room evaluating voluntariness Well first your honor this the concept of voluntariness itself which appears to be personal to the subject who is actually waiving rights and Confessing conceptually it seems odd that something that that suspect is totally unaware of Could affect voluntariness and that is the logic of the more and against Burbine decision It also comports with the way that in ordinary usage We understand the concept of voluntariness and it provides a neat limit so that voluntariness doesn't become a catch-all That permits various appellate courts to constitutionalize certain best practices for police generally But in people versus McLean hasn't this court held? In terms of voluntariness that the fact that an attorney Who was trying to see his client was barb and seeing his client is a factor under the Illinois Constitution that can be considered And I believe your honor is referring to the Macaulay case am I correct about that speak no problem at all your honor The Macaulay test or the Macaulay rule rather is a narrow state specific rule rooted in Illinois History and it really applies only to that situation and in the hunt case Last month this court reiterated that Macaulay doesn't displace the ordinary Miranda framework it simply applies a specific narrow rule and the concurrence in that case also noted the Specificity of the facts now in Macaulay that rule was derived in part from the enforceable Right to an attorney if you request one, but at the time of the 1970 Constitution, there was no positive law Requirement that if a minor asks for a concerned adult to be present that request would have to be granted and again in Zepeda And stepped or in 70 and 72 this court explained that failure to give notice to a concerned adult is Not going to lead to suppression. So I don't see how a I Can be derived from a non-enforceable right, but on a practical matter, why would the you know? opportunity to have an adult present and a juvenile officer act as It you know in conduct as someone who? Is there to have the interest of the minor defendant at heart and in this particular case Machinsky didn't? didn't conduct himself as they an interested juvenile officer and thwarted the idea of having an adult present by not telling the defendant and not Suggesting to the grandfather that he could come in. So what's the purpose of having those? ideas and those rules present if it's not going to be something that we could use in finding a involuntariness Well to be clear your honor the absence of an adult is a factor to consider That's something that the court would have to discuss in any case where it's reviewing voluntariness most likely the younger the defendant or The less capacity the defendant appears to have the more important it may be to have a concerned adult in the room and Certainly if there's something Vaguely threatening to a minor that happens in the interrogation room The presence of a concerned adult might alleviate that and and that might be relevant in that respect The juvenile officer question is a little more complicated your honor and as my opponent has noted There's some confusion in the case law about what exactly is required of juvenile officers Now there are some hints in the Juvenile Court Act itself in the definition section section 1-3 sub 17 the Juvenile Court Act does define a juvenile officer or a juvenile police Officer as someone who has been so appointed by the local police authority and who has completed some form of training in accordance with State standards, I'm not sure quite what the specifics of those state standards are But if there was any problem with detective Muszynski's testimony that he was trained certainly on cross-examination defense counsel could have elicited that and although it's true that the state has the initial burden of Suprema Fascia case of voluntariness is made the burden shifts to defendant to rebut that and So under Reed and Richardson and that burden shifting regime It was really defendants burden to question Muszynski further about what that training entailed and is that the kind of? Approach you think that we should take rather than the approach we've taken in the geo and Morgan and other cases Now you think do we need to overrule geo, but we need to do the geo no your honor Geo can be left entirely intact in part because again There are probably hypothetical circumstances in which the presence of a juvenile officer may well ameliorate other Circumstances and the absence of a juvenile officer may well be something worth discussing But if there's nothing that that particular juvenile officer would have needed to do to cure any problems in the interview room Then there's really no need now Additionally, I want to press back on the notion that a juvenile officer needs to hold himself out as some kind of neutral representative of the child a Juvenile police officer who is trained in the ways of interrogation of minors Presumably would be better at framing questions, and it's actually appropriate to have someone with the right training Asking the questions And I'm a little worried about the situation where someone holds himself out as the child's advocate But who's also a police officer? Because they're the the minor may place undue reliance on the juvenile officer or may think that the juvenile Officers presence is a reason to not Invoke a right to counsel in this case did the officer do anything at all? To accommodate the fact the defendant was a minor Your Honor his training surely played into the questioning, but I recognize that there was nothing specific That he did to express additional regard for the minor status on the other hand as compared to adults The minor was at the station a relatively short period of time. We often see substantially longer interrogation sometimes creeping up on 24 hours The court said he was only there for an hour when it was really more than that I Believe that under the totality the circumstances which your honor can review de novo It's okay to look at the actual amount of time and not merely rely on some of those inartful statements by the trial judge But in overall under geo this confession is surely voluntary I'd like to return for just a moment to the juvenile officer Question there's an additional problem with demanding that a juvenile officer Act as a kind of neutral figure or advocate for the child And that's that you may have the perception of a good cop bad cop routine by the the minor defendant so for instance if the lead Questioner asks a question that the juvenile officer thinks might be inappropriate and says no no no you don't have to answer that and then Rephrases that I think that begins to create a kind of good cop bad cop atmosphere So although the law is uncertain about what exactly a juvenile officer should do This is not a good case in which the court should adopt the proposition that a juvenile officer is under an affirmative Obligation to act as either a neutral party or an advocate for the minor Now additional factors that feed into the voluntariness here are again that Defendant was 16 years old three years older than the defendant in geo unlike the defendant in geo his interrogation was finished before the middle of the night and Again, he received clear warnings. He stated that he understood them. He gave coherent and chronologically sensible answers He expressed no confusion. No fear. No distress, and he did not request an adult and even if the court were under geo and Richardson and Morgan to assign some weight to the decision not to Affirmatively invite defendants grandfather into the room. That's not enough to render this confession involuntary If there are no further questions your honors We ask that the conviction be upheld and the judgment of the appellate court third district be affirmed Thank You, mr. Becker Mr. Hamill Just have a few few points to make first of all just to clarify for the end of my opening argument When I say that Videotaping or having a juvenile officer present or having a parent or concerned adult present would be enough what I mean is enough to get into the weighing the factor the individual factors of the case and Looking at the tally years of the circumstance. He had the confession was voluntary. I don't think if you videotaped a Juvenile confession and and if the And if it was otherwise otherwise, uh, you know a harsh interrogation that you would necessarily say that was enough and and the That the statement was voluntary. So I just want to clarify that point on the topic of juvenile officers As I you know as both Myself and and counsel have alluded to their arguments. There have been a lot of appellate court decisions on This topic and and they have been a whole lot of them We're discussed in the Marvin M decision None of those none of those decisions say that a juvenile officer can be the lead interrogator all of those minimum all of those those decisions say at a minimum you have to be neutral and the idea that that having a neutral face in the in the interrogation room would somehow undermine the the The voluntariness of the minor because the minor might might take take it the wrong way I think that that's really a foreign idea to to this line of cases and I don't think that that I Don't think really think that that's that's a that's really true I mean it would simply having somebody there to make sure that the juveniles rights are respected That's the point of having the juvenile officer there and all the cases are are in agreement on that so I would say that Wasn't it they have the neutral or slash advocate juvenile officer there even if not as the interrogator wasn't that a pretty good observation by Mr. Becker that that might lead to some false assurance or hope me. Can you see the situation where the interrogator asked the question and The juvenile officer not interrogating but looks it is it looks at the juvenile and says you can answer that Well, I don't know if a juvenile officer did that I don't know if he would necessarily be acting as a juvenile officer at that point I mean that would if that wouldn't be an appropriate thing for a juvenile officer to do as a neutral as a neutral party even Well, you know what he's there to do is to say when when the detective says, you know I I know you were involved in this shooting, but I don't think you're such a bad guy Maybe you were just a getaway driver He might maybe maybe says Yeah, or or if he said something that about that or if since he said doesn't say even though the grandfather's right outside Doesn't say anything about the grandfather being there the role the juvenile officer would be to say by the way your grandfather's outside You would you like to see him? You know something like that. That's that's what they're there for I don't think that at a minimum and there and I really don't don't want to get too much into the the argument in the Pell Corps with the about Well, not they should do more but at a minimum. They should do that and since machines he didn't do that he was wasn't asking as a juvenile officer and I don't think a juvenile a person sitting in in the room saying yeah You can answer that question would be would be acting as you and that would be a state case I guess going back to what I said when I started here if If you know just if you had a juvenile officer present, but he was sitting there's telling the juvenile stuff like that Then then you could say that infection was involuntary despite the fact that there was a juvenile officer there And as I understand that the record is Either silent or we're not clear whether this officer ever identified himself as a juvenile officer Obviously didn't to the court until much later, but as far as the minor is concerned does it does the record show that? It does not it does not show anything For my own understanding and following up on Justice Thomas's earlier questions and a comment you made during Oral argument or your opening argument that you don't Think this is a case where we need to get in to and to find what a juvenile officer is supposed to do if the record shows on the basis of the record that there's nothing here to indicate that the Confession is anything but voluntary then we have to look at some outside factors the parent or grandparent being there And how that affects and Mr. Becker address that or we have to say What the absence of the juvenile officer has to has to do has to do with the voluntariness doesn't that? Require us then to determine or define the role of the juvenile officer In a case like this other than taking it into consideration as far as the question of voluntariness because it seems to me You're asking us To find the confession not voluntary based upon the fact that the grandfather was out there and the juvenile officer did nothing Right. Well, I Well, I do think you probably require you to set a floor and say at a minimum It has to do what what the court said in Marvin M. You know and be neutral You well, you don't have to where you don't have to decide is is whether or not being neutral is enough Well is being neutral Knowing that none of his rights were violated or does it mean Going a step further say no, you don't answer that question. Is that not advocating? What Right. I mean, that's what that's the distinction that that doesn't even draw in this case because because and that is the distinction in the That that's that's the dispute that we don't really need to get into because we know the machines keep didn't even come close to doing that it doesn't with the record support an inference that this juvenile officer who didn't tell the The minor that he was a juvenile officer was being was was ensuring that the minors rights were being protected Well, he clearly wasn't because one of the rights that that was that the juvenile had was to see his grandfather And he clearly did not protect that right so he has an affirmative duty to advise Yeah, I believe he would have the attorney to advising that the grandfather is actually in this in this police station or it or to Advise the grandfather. They had a right to see the defendant I think that would fit the minimum that a juvenile officer would have to do Well, you know the the juvenile court act the requirement during the court act is that they actually go out and try to contact concerned adult and make them present so And of course, you know in geo this similar said that if you don't they if they didn't do that Then that would not necessarily render a confession involuntary but but there are they're supposed to Adam, yeah, they're supposed to to have at least either have the juvenile the Concerned about present or at least make an attempt to have the concerned adult present and I would point out that in geo the officers did Make an attempt and then it was really more the apparent who failed to show up and and in Morgan The officer didn't did not make an attempt But that was because the officer didn't believe that there was a concerned adult out had good reason to believe that there was no concern at all out there for him to contact so so I do think that so yes, they would have to if they're the If the parent is present and I think is a requirement the juvenile officer actually informed the defendant there should be a requirement And if I say I'm almost out of time but but One one point that mr. Becker made was was that on or am versus Burbine the juvenile? Defending this case was not since he wasn't made aware that the grandfather was out there and being thwarted from coming to see him It didn't affect his voluntariness really his lack of awareness is really the problem in this case the fact that he wasn't told your grandfather's there's is is the problem and and This court does not follow Moran versus Burbine under the Illinois Constitution This court, you know under Macaulay what happens outside the interrogation room can affect the voluntariness of a statement if If it's egregious enough and in this case It is egregious enough to have the parent right there or the grandparent right there and and to not let him in And once your honors have further questions That's that you would reverse the appellate court. Thank you Thank you case number one one two three six two people versus Murdoch is taken under advisement as agenda number two